# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **AMANDA H. MAY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KILOLO KIJAKAZI,** )<br>*Acting Commissioner* )<br>*of Social Security*,[1] )<br>)<br>**Defendant.** ) | Case No. 5:20-cv-976-LCB |

## OPINION & ORDER

Amanda H. May appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). (Doc. 1 at 1). She claims that the Commissioner erroneously denied her application for Supplemental Security Income. *Id.* at 2–3. As explained below,[2] May fails to show error in the Commissioner's decision. The Court therefore affirms the decision and dismisses this case with prejudice.

## I.   STATUTORY FRAMEWORK & STANDARD OF REVIEW

The Social Security Act establishes who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act,[3]

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, for Andrew Saul, the former Commissioner.

[2] *See infra* Part III.

[3] Throughout this opinion, the Court cites to and applies the regulations in effect at the time of the ALJ's decision. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir.

an administrative law judge (ALJ) evaluates an application for Supplemental Security Income by conducting a five-step analysis:

> (1) Is the claimant engaged in substantial gainful activity?
> (2) Does the claimant have a severe impairment?
> (3) Does the claimant's impairment meet or medically equal a specific impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1?
> (4) Is the claimant able to perform former relevant work?
> (5) Is the claimant able to perform any other work within the national economy?

20 C.F.R. § 416.920(a)(4).[4] An ALJ reaches step 4 only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment that meets or medically equals a listed impairment (step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To evaluate whether a claimant is able to perform former relevant work (step 4) and, if not, able to perform any other work within the national economy (step 5), an ALJ must first determine the claimant's residual function capacity (RFC). *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as that which the claimant can do despite her limitations. 20 C.F.R. § 416.945(a)(1). A claimant is disabled if she can perform neither former relevant work nor any other work within the national economy. *McDaniel*, 800 F.2d at 1030.

---

2017) (per curiam) (explaining that, when reviewing the Commissioner's final decisions, federal courts apply "the regulations in effect at the time of the ALJ's decision").

[4] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

By contrast, a claimant is not disabled if she can perform former relevant work or any other work within the national economy. *Id.* Should an ALJ determine that a claimant is not disabled, the claimant may request review of the ALJ's decision before the Social Security Appeals Council. 20 C.F.R. § 416.1467. If the Council denies review, the ALJ's decision becomes a final administrative decision of the Commissioner. 20 C.F.R. § 416.1481. A claimant may then seek judicial review of the Commissioner's decision in federal court under 42 U.S.C. § 405(g). *Id.*

A federal court, however, is limited in its review of the Commissioner's final decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). A reviewing court will not disturb the Commissioner's factual findings if they are supported by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).

## II. BACKGROUND

Amanda H. May is a forty-nine-year-old woman who has a history of mental and physical health issues. (Tr. at 136–37, 223).[5] In July 2018, May applied for

---

[5] "Tr" is a consecutively paginated transcript of the administrative record below and spans from ECF Doc. 8-1 to ECF Doc. 8-10. For clarity and consistency with the parties' briefs, the Court cites to the consecutive pagination of the transcript instead of the ECF pagination.

Supplemental Security Income, alleging that she became disabled in June 2017. *Id.* at 223. The Commissioner denied May's application at the administrative level, and May requested and received an evidentiary hearing before an ALJ. *Id.* at 31, 146, 175–76.

At the hearing, May testified about the severity and limiting effects of her mental and physical impairments. *Id.* at 36–53. May stated that she suffers from debilitating panic attacks, memory problems, and difficulty sleeping. *Id.* at 36, 41, 47, 49–50. She also stated that she suffers from a severe back condition and foot neuropathy, which cause pain and swelling in her extremities. *Id.* at 36, 39–40. She explained that she cannot walk long distances, stand for more than ten minutes at a time, or sit for more than thirty minutes at time. *Id.* at 44–45. May concluded that she is unable to work due to the combined effects of her impairments. *Id.* at 36, 39.

In July 2019, the ALJ affirmed the denial of May's application in accordance with the five-step analysis outlined in the Social Security Act. *Id.* at 16–26. At steps one and two respectively, the ALJ found that May had not engaged in substantial gainful activity since she allegedly became disabled and that May suffered from the following severe impairments: multi-level degenerative disc disease, mild dextroscoliosis and mild spondylosis, neuropathy, obesity, and major depressive disorder. *Id.* at 18.

At step three, the ALJ found that May did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 21. The ALJ, for example, found that May did not satisfy Listings 11.14 (peripheral neuropathy) or 12.04 (depressive, bipolar, and related disorders), reasoning in part that May did not have a "marked"—i.e., severe—limitation on her ability to understand, remember, or apply information in a work setting on a sustained basis. *Id.* In support of this conclusion, the ALJ explained that Dr. Robert Estock, a Disability Determination Services consultant, had evaluated May and found that she had only a moderate limitation on her "ability to understand and remember detailed instructions" and no limitation on her "ability to understand and remember very short and simply instructions." *Id.* at 22, 141–42.

Before proceeding to step four, the ALJ determined May's RFC. *Id.* at 22. In doing so, the ALJ found that May's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms," but that her testimony "concerning the intensity, persistence and limiting effects of these symptoms" was not entirely consistent with the medical record. *Id.* at 23. The ALJ cited to Dr. Estock's evaluation showing that May had only moderate mental limitations and a report by Dr. John Haney suggesting that May had "some problems" with memory and simple calculations. *Id.* at 24, 141–42, 461–62.

Additionally, the ALJ considered a report by Dr. Moses Awoniyi indicating that May's neuropathy and chronic back pain restricted her ability to work. *Id.* at 24, 609–10. The ALJ noted that, although, Dr. Awoniyi's report did not provide any specific functional limitations, the report indicated that May had "some exertional limitations due to her back and neuropathy." *Id.* Considering this evidence along with the medical record as a whole, the ALJ found that May had an RFC to perform "light work"[6] with several physical and mental limitations. *Id.* at 22.

After determining May's RFC, the ALJ moved to step four and found that May had no past relevant work experience. *Id.* at 24. The ALJ then moved to step five and considered whether May could perform any other work within the national economy based on her RFC. *Id.* at 25. Answering this question in the affirmative, the ALJ found that May could work as a marketing clerk, a package sorter, and a laundry folder. *Id.* The ALJ therefore concluded that May was not disabled under the Social Security Act and affirmed the denial of May's application for Supplemental Security Income. *Id.*

In response, May sought review of the ALJ's decision before the Social Security Appeals Council. *Id.* at 220–21. The Council, however, denied May's

---

[6] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). A job falls "in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

request for review and notified her of her right to appeal the decision in federal court under 42 U.S.C. § 405(g). *Id.* at 1–3. May then filed this suit. (Doc. 1 at 1).

## III. DISCUSSION

May claims that the Commissioner's decision is not supported by substantial evidence. (Doc. 1 at 2). In support, she makes two arguments: (1) the ALJ improperly discredited her testimony regarding the severity and limiting effects of her symptoms; and (2) the ALJ erroneously found that she did not satisfy Listings 11.14, 12.04, and 12.06. (Doc. 12 at 20, 23). The Court addresses each argument in turn.

### A. Whether the ALJ improperly discredited May's testimony.

May first argues that the ALJ improperly discredited her testimony regarding the severity and limiting effects of her symptoms. (Doc. 12 at 20). A claimant may establish a disability through her "own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). To do so, a claimant must produce: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam).

If a claimant satisfies this test, the inquiry shifts to whether and to what extent the claimant's symptoms limit her capacity for work. 20 C.F.R. § 416.929(a). This requires an ALJ to determine "the intensity, persistence, and functionally limiting effects" of a claimant's pain based on the record as a whole. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). An ALJ should consider a number of factors when determining the limiting effects of a claimant's pain, including the claimant's daily activities, the location and duration of the pain, any precipitating and aggravating factors, any medication the claimant takes to relieve the pain, and any measures the claimant uses to relieve the pain. 20 C.F.R. § 416.929(c)(3).

An "ALJ must clearly articulate adequate reasons for discrediting" a claimant's pain testimony. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (per curiam). But an ALJ need not "'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow [a reviewing court] to conclude the ALJ considered the claimant's medical condition as a whole." *Brown v. Barnhart*, 158 F. App'x 227, 228 (11th Cir. 2005) (per curiam) (quoting *Dyer*, 395 F.3d at 1211). A reviewing court "will not disturb a clearly articulated credibility finding supported by substantial evidence[.]" *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

In this case, the ALJ found that May's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms," but that her

8

"statements concerning the intensity, persistence and limiting effects of these symptoms" was not entirely consistent with the medical record. (Tr. at 23). In reaching this conclusion, the ALJ thoroughly summarized the medical record and articulated clear reasons for discrediting May's testimony regarding the severity and limiting effects of her symptoms. *Id.* at 23–24. Having reviewed the entirety of the record, the Court finds that substantial evidence supports the ALJ's articulated reasons for discrediting May's testimony.

May's argument to the contrary fails. May maintains that her testimony "coupled with the opinions of Dr. Haney and Dr. Awoniyi indicate that [she] is unable to work." (Doc. 12 at 22). In other words, May asks the Court to re-weigh the evidence before the ALJ. This the Court cannot do. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (explaining that a court must "not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]" (second alteration in original) (quoting *Phillips*, 357 F.3d at 1240 n.8)). Thus, the Court concludes that the ALJ did not improperly discredit May's testimony regarding the severity and limiting effects of her symptoms.

**B.     Whether the ALJ erroneously found that May did not satisfy Listings 11.14, 12.04, or 12.06.**

May next argues that the ALJ erroneously found that she did not satisfy Listings 11.14, 12.04, and 12.06. (Doc. 12 at 23). Listing 11.14 relates to peripheral neuropathy.[7] Listing 12.04 pertains to depressive, bipolar, and related disorders,[8]

---

[7] 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.14. In its entirety, Listing 11.14 reads:

> 11.14 Peripheral neuropathy, characterized by A or B:
> A. Disorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities; or
> B. Marked limitation in physical functioning, and in one of the following:
> 1. Understanding, remembering, or applying information; or
> 2. Interacting with others; or
> 3. Concentrating, persisting, or maintaining pace; or
> 4. Adapting or managing oneself.

*Id.* (internal citations omitted).

[8] 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04. In its entirety, Listing 12.04 reads:

> 12.04 Depressive, bipolar and related disorders, satisfied by A and B, or A and C:
> A. Medical documentation of the requirements of paragraph 1 or 2:
> 1. Depressive disorder, characterized by five or more of the following:
> a. Depressed mood;
> b. Diminished interest in almost all activities;
> c. Appetite disturbance with change in weight;
> d. Sleep disturbance;
> e. Observable psychomotor agitation or retardation;
> f. Decreased energy;
> g. Feelings of guilt or worthlessness;
> h. Difficulty concentrating or thinking; or
> i. Thoughts of death or suicide.
> 2. Bipolar disorder, characterized by three or more of the following:
> a. Pressured speech;
> b. Flight of ideas;
> c. Inflated self-esteem;
> d. Decreased need for sleep;
> e. Distractibility;
> f. Involvement in activities that have a high probability of painful consequences that are not recognized; or
> g. Increase in goal-directed activity or psychomotor agitation.
> AND

while Listing 12.06 relates to anxiety and obsessive-compulsive disorders.[9] One way a claimant may satisfy Listings 11.14, 12.04, and 12.06 is to show, in part, a marked

---

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
> 1. Understand, remember, or apply information.
> 2. Interact with others.
> 3. Concentrate, persist, or maintain pace.
> 4. Adapt or manage oneself.
> OR
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

*Id.* (internal citations omitted).

[9] 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.06. In its entirety, Listing 12.06 reads:

> 12.06 Anxiety and obsessive-compulsive disorders, satisfied by A and B, or A and C:
> A. Medical documentation of the requirements of paragraph 1, 2, or 3:
> 1. Anxiety disorder, characterized by three or more of the following;
> a. Restlessness;
> b. Easily fatigued;
> c. Difficulty concentrating;
> d. Irritability;
> e. Muscle tension; or
> f. Sleep disturbance.
> 2. Panic disorder or agoraphobia, characterized by one or both:
> a. Panic attacks followed by a persistent concern or worry about additional panic attacks or their consequences; or
> b. Disproportionate fear or anxiety about at least two different situations (for example, using public transportation, being in a crowd, being in a line, being outside of your home, being in open spaces).
> 3. Obsessive-compulsive disorder, characterized by one or both:
> a. Involuntary, time-consuming preoccupation with intrusive, unwanted thoughts; or
> b. Repetitive behaviors aimed at reducing anxiety.
> AND
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

limitation on her ability to understand, remember, or apply information. 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 11.14(B)(1), 12.04(B)(1), 12.06(B)(1).

In this context, a claimant's ability to understand, remember, or apply information refers to her ability "to learn, recall, and use information to perform work activities." *Id.* §§ 11.00(G)(3)(b)(i), 12.00(E)(1). A "marked" limitation is one that "seriously" limits a claimant's ability to "independently, appropriately, [and] effectively" function in a given area "on a sustained basis." *Id.* §§ 11.00(G)(2)(b), 12.00(F)(2)(d).

In this case, the ALJ found that May did not have a marked limitation on her ability to understand, remember, or apply information. (Tr. at 22). In doing so, the ALJ relied on Dr. Estock's evaluation showing that May had only a moderate limitation on her "ability to understand and remember detailed instructions" and no limitation on her "ability to understand and remember very short and simply

---

       1. Understand, remember, or apply information.
       2. Interact with others.
       3. Concentrate, persist, or maintain pace.
       4. Adapt or manage oneself.
OR
C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
    1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and
    2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.
*Id.* (internal citations omitted).

instructions." *Id.* at 22, 141–42. Having reviewed the entirety of the record, the Court finds that substantial evidence supports both Dr. Estock's evaluation and the ALJ's finding that May did not have a marked limitation on her ability to understand, remember, or apply information.

May's argument to the contrary is unavailing. May contends that Dr. Haney's evaluation shows that she had a marked limitation on "her ability to understand, remember, and apply information." (Doc. 12 at 24–25). To be sure, Dr. Haney opined that May's "[a]bility to function in work settings appeared severely impaired due to emotional and possible intellectual limitations." (Tr. at 462). But May cannot simply point to evidence contradicting the ALJ's findings; she must point to evidence showing that the ALJ's findings are not supported by substantial evidence. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (explaining that a claimant "must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion").

Simply put, Dr. Haney's broad statement falls far short of showing that substantial evidence does not support the ALJ's finding that May did not have a marked limitation on her ability to understand, remember, or apply information. The

13

Court therefore concludes that the ALJ did not erroneously determine that May did not satisfy Listings 11.14, 12.04, and 12.06.[10]

## IV. CONCLUSION

May fails to show error in the Commissioner's decision below. First, the ALJ did not improperly discredit May's testimony regarding the severity and limiting effects of her symptoms. Second, substantial evidence supports the ALJ's conclusion that May did not satisfy Listings 11.14, 12.04, and 12.06. For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment by separate order.

**DONE** and **ORDERED** March 28, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[10] To be clear, the ALJ did not explicitly determine whether May satisfied Listing 12.06. Because the ALJ's findings regarding Listing 12.04 equally apply to Listing 12.06, the Court finds that the ALJ implicitly determined that May did not satisfy Listing 12.06. *See Bellew v. Acting Com'r of Soc. Sec.*, 605 F. App'x 917, 920 (11th Cir. 2015) (per curiam) (explaining that an "ALJ's finding as to whether a claimant does or does not meet a listed impairment need not be explicit and may be implied from the record").